**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-00295-01-CR-W-BCW |
| JASON P. SUMMERS, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S *PRO SE* MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(C)(1)(a)(i) (D.E. 41)**

Comes now the United States of America, by and through undersigned counsel, and offers the following in opposition to the defendant's *pro se* motion for compassionate release (D.E. #41):

On April 21, 2020, the defendant filed his *pro se* motion asking this Court to grant his release, effectively reducing his term of imprisonment to time served.[1] In support of his motion, defendant argues that extraordinary and compelling reasons warrant a reduction of his sentence. Although not cited in his motion, defendant appears to be seeking relief pursuant to 18 U.S.C. § 3582, which allows a district court to entertain a sentencing modification if "'extraordinary and compelling' reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the sentencing commission." In an effort to satisfy the "extraordinary and compelling" standard, the defendant points out in his motion that he desires to provide care for his children and mother. (D.E. #41 at 1-3.) The defendant further states that he has made efforts at rehabilitation and taken advantage of programs offered by the Bureau of Prison. (D.E. #41 at

---

[1] On May 11, 2017, this Court sentenced the defendant to a 120 month term of imprisonment in the Bureau of Prison following his guilty plea to possessing and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

3-4.) Finally, the defendant argues that he does not present a danger to the community upon his release. (D.E. #41 at 4-5.) However, the defendant remains a danger to the community and compassionate release would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). Accordingly, the defendant's his motion should be denied.

**I.** **First Step Act**

The First Step Act, effective December 21, 2018, provides inmates the ability to file a motion for compassionate release, an ability previously only vested in the United States Bureau of Prisons (BOP). Under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment once it has been imposed except that, under subsection § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons," if such reduction is consistent with applicable policy statements of the Sentencing Commission, after considering the factors set forth in 18 U.S.C. § 3553(a), and after determining the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). (U.S.S.G. § 1B1.13(2)). The pertinent policy statement, U.S.S.G. § 1B1.13, defines specific medical, age, and family circumstances as possibly justifying a sentencing reduction under this statute, and further authorizes a sentencing reduction based on an extraordinary and compelling circumstance identified by the BOP. (§ 1B1.13 Commentary n.1(D)).

The statute, 18 U.S.C. § 3582(c)(1)(A), originally permitted judicial relief only upon a motion by the Director of the BOP. Section 603(b) of the First Step Act now permits courts to act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

2

As the proponent of a motion, the inmate bears the burden of proving both that they have satisfied the procedural prerequisites for judicial review—*i.e.*, that they have "exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or that 30 days have lapsed "from the receipt of such a request by the warden"—and that "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.").

The Sentencing Commission's pertinent policy statement related to extraordinary or compelling reasons appears at U.S.S.G. § 1B1.13. As amended November 1, 2018, the statement repeats the text of 18 U.S.C. § 3582(c)(1)(A) and adds that the court should reduce the sentence only if the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13 n.1 outlines four grounds in evaluating whether extraordinary or compelling reason exist: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons. Defendant's motion only relies on family circumstances to support his request for compassionate release.

The application notes for U.S.S.G. § 1B1.13 define family circumstances as:

> Family Circumstances.--
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

(U.S.S.G. § 1B1.13 Application Note 1(C).)  In this instance, the defendant's *pro se* claims that his mother is the caretaker of his minor children and is unable to fulfill those responsibilities due to a recent stroke appear to meet the definition of family circumstances.  However, the defendant remains a danger to the community and the § 3553(a) factors weigh against his release.

## II.     Defendant Remains a Danger to the Community

This Court may not reduce the defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  This defendant is a danger to the community, and should not be considered for compassionate release.

Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g)(1)–(4).  Consideration of these factors does not allow this Court to conclude that this defendant is not a danger to the safety of any other person or the community.

The nature and circumstances of the underlying offense demonstrates that the defendant is a danger to the community.  The defendant was convicted of an offense involving not merely the possession of a firearm, but also the discharge of a firearm.  In fact, the defendant discharged a firearm while being pursued by law enforcement officers.  (PSR at ¶ 7, D.E. #27.)  Further, the defendant was arrested with a variety of controlled substances, including psilocybin,

methamphetamine, hydrocodone, and alprazolam. (PSR at ¶¶ 8, 10, D.E. #27.) He further admitted to distributing significant quantities of methamphetamine. (PSR at ¶ 12, D.E. #27.) The defendant's conduct in this case plainly demonstrates that he is a danger to the community.

The defendant's history and characteristics further establishes that he remains a danger to the community if released. Defendant has three prior felony convictions. He was first convicted of delivery of a controlled substance and was originally sentenced to 10 years imprisonment, with that sentence suspended and a 5 year term of probation. (PSR at ¶ 25, D.E. #27.) His probation was violated on eight separate occasions. (PSR at ¶ 25, D.E. #27.) Further, while this case was pending, he was arrested, charged, and sentenced in Polk County for procession of a controlled substance. (PSR at ¶¶ 25-26, D.E. #27.) With respect to the Polk County conviction, the defendant was in possession of a Ruger 9mm handgun at the time of his arrest, and he violated his probation multiple times. (PSR at ¶ 26, D.E. #27.) The defendant was also convicted of possession of a controlled substance in Clay County, Missouri, in 2010. (PSR at ¶ 28, D.E. #27.) He violated his probation multiple times and was ultimately sentenced to seven years incarceration. (PSR at ¶ 28, D.E. #27.) He was on parole for this offense when he committed the underlying offense in this case. (PSR at ¶ 28, D.E. #27.) The defendant's criminal history illustrates a pattern of committing serious offenses, some of which were committed while under supervision. Further, the defendant failed to comply with the terms of his supervision on numerous occasions. Given his history and his conduct in this case, the defendant remains a danger to the community and this court should not grant his motion for compassionate release.

**III.    The § 3553(a) Factors Weigh Against Granting Compassionate Release.**

Under 18 U.S.C. § 3582(c), this Court must also consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether to grant a defendant's request for compassionate release.

Granting the defendant's request for compassionate release in this case would result in the defendant only serving approximately 50% or five years of his ten-year sentence. In other words, the defendant would only serve roughly half of the statutory minimum for an offense involving the discharge of a firearm in connection with a drug trafficking offense. Such a significant reduction from a statutory minimum will not afford adequate specific or general deterrence (§ 3553(a)(2)(B)), is well below the sentencing guidelines (§ 3553(a)(4)(A)), and would create unwarranted sentence disparities when compared to other defendants who would have at least been sentenced to the statutory minimum (§ 3553(a)(6)). *See also United States v. Davies*, 2020 WL 2307650 (E.D.N.Y. May 8, 2020) (unpublished) (reduction of 8-year armed bank robbery sentence, after 33 months, "would not come close to reflecting the seriousness of the offense, or providing just punishment for the offense. Moreover, rather than promoting respect for the law and its deterrent effect, it would undermine it."); *United States v. Mathison*, 2020 WL 3263042 (N.D. Iowa June 17, 2020) (Elkton inmate has significant risk factors, but has served only 164 months of 372-month sentence for leading drug organization; thus, "the § 3553(a) factors do not come close to supporting his release at this time, having served less than half of his lengthy sentence."); *United States v. Hasan-Hafez*, 2020 WL 2836782, at *5 (S.D.N.Y. June 1, 2020) ("It would undercut the § 3553(a) factors for the Court to allow Mr. Hasan-Hafez to serve just 13 months of a 45-month sentence.") *United States v. Hill*, 2020 WL 3037226, at *4 (W.D. Ark. June 5, 2020) ("Allowing Mr. Hill to be released after completing less than 20 months of his [84-month] sentence would fail to serve as an adequate deterrent to Mr. Hill or to others who commit similar, serious drug offenses"). The nature and circumstances of the offense and the defendant's history and characteristics also weigh against compassionate release (§ 3553(a)(1)) as more fully

discussed above.  Accordingly, the § 3553(a) factors weigh heavily against compassionate release in this case and the Court should deny the defendant's motion.

**IV.     Record of Rehabilitation Is Not An Extraordinary and Compelling Reason**

Finally, the defendant asserts he has demonstrated a record of rehabilitation, and the Government does not dispute that the accomplishments the defendant has made in prison, as listed and documented in his motion (D.E. #41), are laudable.  However, rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for a reduction of a term of imprisonment.  U.S.S.G. § 1B1.13 Commentary n.3; 28 U.S.C. § 944(t).

WHEREFORE, based on the foregoing, the Government respectfully requests that the defendant's *pro se* motion be denied.

Respectfully submitted this 15th day of July 2020.

                                        Timothy A. Garrison
                                        United States Attorney

                             By   /s/Robert M. Smith

                                        Robert M. Smith
                                        Assistant United States Attorney
                                        Violent Crime & Drug Trafficking Unit
                                        Charles Evans Whittaker Courthouse
                                        400 East Ninth Street, Suite 5510
                                        Kansas City, Missouri 64106
                                        Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a copy of the foregoing was delivered on July 15, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and a copy was mailed to:

        Jason P. Summers, *Pro Se*
        Register No. 28055-045
        FCI Greenville
        PO Box 5000
        Greenville, Illinois 62246

        /s/Robert M. Smith
        Robert M. Smith
        Assistant United States Attorney

8