Susan Sawyers
Greenville Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246



RECEIVED
2020 JUL 27 AM 11:57
CLERK, U.S. DISTRICT COURT
KANSAS CITY, MO

15-295
BCW

United States District Court
400 E 9th St RM 2710
Kansas City, MO 64106
ATTN: Judge Brian C. Wimes
(Court Clerk)

LEGAL MAIL

To The Court,

I have diligently used the time of my incarceration preparing to fulfill my responsabilities upon release. I do not take my time for granted I use each day as if I would be released tomorrow, expected to begin dispatching my responsabilities at any moment.

I am 37 years old through this adversity I have matured developing character, integrity, and honesty. I have shown leadership in a positive endevor under adverse circumstances, as prison environment is dominated by the use, and sales of narcotics. I have five years clean this month. I established a Narcotics Anonymous Meeting here at Greenville FCI so that inmates here would have access to a volunteer based, peer sponsored recovery program. I am greatful for everyday of my incarceration, because I have developed a way of life that will sustain my freedom, and enable me to be a supportive father at a critical time in my children's lives.

If I am granted compassionate release I would consider it an early opportunity to begin healing the injustice my children have experienced growing up with addicted or incarcerated parents. I created this injustice by the choices I made, this sentence is my burden to bear unfortunately they are serving this sentence with me. Five years is a long sentence for anyone to serve its been a half of a lifetime for my children. If given this opportunity I will under no circumstances waste it.

Thank you for your time
Respectfully Jason Summers

In The United States District Court
For The Western District of Missouri

United States of America
    Plaintiff,

v.                                          Case No. 4:15-00295-01-CR-W-BCW

Jason Summers
    Defendant,

Petitioners Response To Governments Opposition To defendants Pro Se Motion To Reduce Sentence pursuant 18 USC 3582(c)(1)(A)(i)

Petitioner respectfully provides The following response, and relies on The First Step Act section 603b's purpose "Increasing The Use, and Transparency of Compassionate Release" Which amends 3582(c)(1)(A) To allow prisoners To directly petition The Courts. "To promote rehabilitation, and unwind decades of Mass incarceration". In Support of Petitioners response To The governments opposition of Compassionate Release.

As The proponet of This motion Petitioner bears The burden of proving That 30 days have lapsed "from The receipt of such a request by The Warden". And That "Extraordinary and Compelling reasons" exist To support This motion. 18 U.S.C. 3582(c)(1)(A); See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)

The government does not oppose That These prerequisits have been satisfied. So The Petitioners response will respectively focus on demonstrating That He is not a danger To The community at This Time (as provided in 3142(g), That each of 3553(a) sentencing factors favor compassionate Release, or can be Satisfied by imposing a Term of home confinement equal To The unserved portion of defendants sentence, and That Extraordinary Rehabilitation efforts show This Petitioner is prepared To return To society as a successfull and productive Member. This Petitioner respectfully seeks a reduction in sentence To be granted at This Time.

I) Petitioners response addresses 3142(g) factors to be considered at detention. Petitioner acknowledges these factors favored detention at that time, but respectfully demonstrates these factors have changed, or favor release at this time.

1) The Nature and Circumstances of the Offense.

While the nature, and circumstances of the offense charged are serious, do not change, and certainly favored detention at that time. This Petitioner argues that he has served nearly 60 months of an effective 96 month sentence when he becomes eligible for home confinement. He has served over 60% of the effective sentence, has demonstrated exceptional conduct, and that extraordinary and compelling rehabilitation efforts may justify reducing his sentence at this time.

2) The Weight of the Evidence against the defendant.

Petitioner entered a plea with the government, acknowledges the weight of the evidence against him, and recognizes this factor was in favor of detention at that time.

3) The History, and Characteristics of the Defendant.

This Petitioner has demonstrated significant post conviction character. His physical, and mental condition favor release at this time. Petitioner has strong family ties, and demonstrates extraordinary and compelling family circumstances involving minor children. Petitioner has community ties with a supportive church, Narcotics Anonymous Home Group, and sponsor.

Petitioner acknowledges his past conduct, and drug abuse history are significant. Petitioner demonstrates that recovery is an absolute priority by volunteering

to establish, chair, and sponser other men creating a functional structured Narcotics Anonymous program here at Greenville FCI.

Petitioners prior criminal history consisted of relatively minor cumulative drug offenses consisting of a delivery charge for sharing 4 xanax prescription pills with a friend who was seeking to purchase a small amount of marijuana 3½ grams as a confidential informant, and two simple possession charges. Petitioner does not minimize his criminal history he only reflects that absent of an addiction he would not have a felony criminal history

Petitioner has demonstrated that he accepts responsability for his recovery from addiction. He recognizes a history of struggling to, but failing to comply. This Petitioner respectfully argues that he has demonstrated he is prepared, willing, and able to comply with any conditions of release.

4) The Nature, and seriousness of the danger to any person or the community.

While each of these factors favored detention following arrest. This Petitioner respectfully argues that if the court reconsiders these factors at this time it will find extraordinary rehabilitation efforts during nearly 60 months of incarceration, it will find exceptional post conviction character in volunteering to create a functional structured Narcotics Anonymous Group. Working this program is by choice we recieve no credit, only the reward of knowing we are preparing to succeed when our freedom is granted. We endure the criticism, suspicion, and ridicule of other inmates because we understand that our freedom is our responsability. Petitioner respectfully believes he has demonstrated not only that he is not a danger to the community at this time, but that he is prepared to support, and give back to his community at this time.

II) 3553(a) Factors To be considered at Sentencing.

1B1.13 (O)(4)
The court is in a unique position to determine whether the circumstances warrant a reduction. (And, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C 3553(a) and the criteria set forth in this policy statement, such as the ... defendants family circumstances, and whether the defendant is a danger to the safety of any other person or the community.

A)(1) This petitioner previously addressed the nature, and circumstances of this offense under 3142(g) factors. Petitioner acknowledges the serious nature of this offense, and the need for this sentence to be imposed. Petitioner also addressed his personal history, criminal history, substance abuse history, and previous compliance issues. Again Petitioner respectfully believes he has demonstrated that he is prepared to satisfy any conditions of release if the court reduces his sentence at this time.

A)(2) Respect for the law comes from diligent reflection of ones character within society, and the relationship he has with the laws which govern the order, and freedom of that society (not just the length of a sentence imposed) This Petitioner has diligently reflected upon his relationship, and character within society in the context of the laws which govern his freedom, and the responsibilities he has within society.
As Petitioner has diligently used his time both in reflection, and rehabilitation efforts this sentence has been both punitive, and rehabilitative. Petitioner respectfully believes 60 months has served as a significant deterrent against future crimes, and promoted respect for the law.

A)(3) "Incarceration also is not the only type of sentence available. Non custodial sentences also curtail prized liberty interests, and the defendant always faces harsh consequences if he violates the conditions attached to such a sentence." United States v. Gall, 374 F. Supp. 2d 758, 763 (S.D. Iowa 2005), rev'd, 446 F.3d 884 (8th Cir. 2006), rev'd, 552 U.S. 38, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007). "Such restrictions also promote respect for the law and do not constitute any endorsement of defendants conduct." See id.

As the court may reduce a sentence with or without conditions a term of home confinement could be imposed for the unserved portion of this Petitioners sentence. See United States v. Etzel 2020 U.S. Dist LEXIS 77198 May 1, 2020 at *11

A)(4) While the sentencing guideline counseled for 120 months they are but one factor as the present circumstances may justify a sentence reduction. A)(5) Also the Sentencing Commission never released guidelines with respect to compassionate release under the First Step Act so this court must decide if a reduction is consistent with applicable policy statements. This Petitioner respectfully believes a reduction would be consistent with 3553(a) factors, and applicable policy statements.

III. Petitioner respectfully argues that Extraordinary and Compelling reasons such as Petitioners record of rehabilitation may be determined by the Court.

While rehabilitation is not by itself an extraordinary and compelling reason to justify a sentence reduction it should be considered in combination with petitioners family circumstances. (See USSG 1B1.13 commentary (1)(D)

In the absence of an updated policy statement it should be reasonably construed that the court may now determine if an Extraordinary and compelling reason exists in combination with those outlined. (See;

United States v. Brown, 2019 WL 4942051, at *3-4 citing United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5; United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) These courts reasoned that Congress passed the First Step Act - And more specifically enabled incarcerated persons to file "direct motions to district courts" for sentence modification - to "increase the use of compassionate release", and determined that "the only way" to give force to that command "is to allow district judges to consider the vast variety of circumstances that may constitute 'Extraordinary and Compelling.'" (Brown, 411 F. Supp. 3d at 451)

As to the government's argument that rehabilitation of the defendant is not an extraordinary and compelling reason. This Petitioner points again to the Sentencing Commission's policy statement 1B1.13 (which is quite clear.)

1B1.13 commentary (3)
Rehabilitation of the defendant is not, "by itself," an extraordinary and compelling reason for purposes of this policy statement.

Petitioner clearly does not rely on his record of rehabilitation by itself to justify a reduction in sentence, but outlines to the court Extraordinary and Compelling reasons in combination with his family circumstances so that the court may determine whether Extraordinary and Compelling reasons exist to justify reducing his sentence at this time.

This Petitioner respectfully seeks a reduction in sentence to be granted at this time. Petitioner accepts any conditions imposed by the court.

Respectfully Submitted this 23rd day of July 2020

Petitioner Jason Summers